# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**LARRY BALLARD,**
**Claimant Below, Petitioner**

**vs.)   No. 20-1016** (BOR Appeal No. 2055391)
                    (Claim No. 2019021380)

**LIGHTNING CONTRACT SERVICES, INC.,**
**Employer Below, Respondent**


# MEMORANDUM DECISION

Petitioner Larry Ballard, by counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Lightning Contract Services, Inc., by counsel Jane Ann Pancake, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected Mr. Ballard's claim on April 18, 2019. On June 16, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated November 19, 2020, in which the Board affirmed the Order of the Office of Judges. Mr. Ballard's alternative motion for remand was denied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Ballard signed an Employees' and Physicians' Report of Occupational Hearing Loss on February 13, 2019, with a date of last exposure of May 20, 2017. He stated that he has hearing loss caused by exposure at work while operating equipment in underground coal mining and a belt line. The last underground mine work he performed was for Superior Elite Coal Services in 2015. He further stated that he was made aware that he had noise-induced hearing loss on January 22, 2019, when he was evaluated at Beltone Hearing Aide Center ("Beltone"). It was indicated from the records that he underwent audiometric testing and "speech in noise" testing.

In correspondence dated January 23, 2019, Tiffany Jenkins, BS, HIS, a Licensed Hearing Instrument Specialist for Beltone, stated that Mr. Ballard was evaluated for his complaints that he could not understand what was being said while watching television or talking on the telephone. He also reported having difficulty communicating with his family, and often finds himself asking others to repeat themselves, especially in the presence of background noise. Ms. Jenkins stated that he underwent several comprehensive tests on January 22, 2019, which revealed air and bone conduction thresholds that presented bilateral mild-to-moderately severe hearing loss. She stated that he was being referred for further evaluation so that he may have the necessary paperwork completed by a licensed otolaryngologist to submit a workers' compensation claim.

Section II-B of the Employees' and Physicians' Report of Occupational Hearing Loss was completed by Chris White, M.D., an otolaryngologist, on March 27, 2019. In his written record, Dr. White reported Mr. Ballard's symptoms as worsening hearing loss for five to seven years, associated with tinnitus, due to significant industrial noise. Dr. White did not check the box asking whether the bilateral sensorineural hearing loss was directly attributable to or perceptibly aggravated by industrial noise exposure. However, he did indicate that his hearing loss is attributable to industrial noise exposure in the course of and resulting from his employment. Dr. White stated that there were no preexisting conditions which may have attributed to Mr. Ballard's hearing loss. Dr. White diagnosed noise effect on inner ear, bilateral; bilateral tinnitus; and other abnormal auditory perception, bilateral, and assessed 3.91%

2

permanent impairment. This assessment was based upon the audiometry testing performed at Beltone on January 22, 2019.

On April 18, 2019, the claims administrator denied Mr. Ballard's application for benefits for the occupational disease of noise induced hearing loss. The claims administrator found that there was no evidence of sufficient noise exposure to cause occupational hearing loss while Mr. Ballard was employed with Lightning Contract Services, Inc. Mr. Ballard protested the claims administrators decision and testified at a deposition held on August 20, 2019, that he was employed on May 20, 2017, by Lightning Contracting as a dispatcher and tracker. He testified that his job involved tracking the miners throughout the coal mine. Although his on-site location was inside a trailer beside where the coal was cleaned and processed, Mr. Ballard testified that the trailer did not help much with blocking noise. In fact, he stated that he could not hear in the trailer with all the other noise from the cleaning plant. He said there was constant belt moaning and crunching of the lumps of coal. Mr. Ballard testified that he worked five to six days a week.

Mr. Ballard provided answers to interrogatories dated September 12, 2019. Mr. Ballard set out his medical history and stated that he was exposed to loud noise on the job while employed by the following employers: Superior Elite Coal Services for nine months; Arch Coal for five years; Patriot Coal for two years; Magnum Coal for two years; and Lightning Contracting for three months.

In a Final Decision dated June 16, 2020, the Office of Judges affirmed the claims administrator Order of April 18, 2019, and concluded that the preponderance of the evidence establishes that Mr. Ballard has failed to show that the occupational hearing loss claim should be held compensable. The Office of Judges determined that the results from the audiometric testing from Beltone are not persuasive to show that Mr. Ballard has hearing loss. The Office of Judges found that Ms. Jenkins, who opined that Mr. Ballard has bilateral mild-to-moderately severe hearing loss, is not qualified to give an opinion because she is not a certified audiologist nor a physician. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the June 16, 2020, Final Decision on November 19, 2020.

After review, we agree with the Office of Judges, as affirmed by the Board of Review. Mr. Ballard failed to submit audiometric test results obtained by a certified audiologist or a West Virginia licensed audiologist into evidence. West Virginia Code of State Rules § 85-20-47.1 sets forth procedures for evaluating a claim for hearing loss and states that only audiometric test results obtained by an audiologist having a certificate of clinical competence in audiology or a West Virginia audiology licensure are acceptable for purposes of awarding compensation. The only professional from Beltone that addressed the testing was a Licensed Hearing Instrument Specialist. The Office of Judges did not err in finding that there is no valid audiometric testing of record. Accordingly, the Board of Review's Order is affirmed.

                                                                                          Affirmed.

**ISSUED: March 23, 2022**

**CONCURRED IN BY:**
Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment

4